## SIMPSON v. DAVIS.[1]

*(Circuit Court, E. D. New York. April 2, 1884.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—MEASURE OF DAMAGES.

D. was proved to have infringed a patent of S. for making newel posts, by selling 101 newels, which embodied the design of S., at $7 each. It appeared that they cost $5 each to make, and that a fair manufacturer's profit on each was 10 per cent. *Held*, that the profit of D. for the use of the patent of S. on such newels was $1.50 apiece, or $151.50; that proof that D. sold other newels of a design not patented at the same price did not dispel the presumption that the amount realized by him above the cost of manufacture and the manufacturer's profit was the profit realized by him from the adoption of the design of S.

2. SAME—REV. ST. § 4919.

*Held, further,* that under section 4919 of the Revised Statutes, as construed by the supreme court in *Birdsall* v. *Coolidge,* 93 U. S. 64, S. must be decreed to recover of D., in addition to the $151.50, as much more, making the recovery $303, that sum being proved to be the damages of S.

In Equity. Exceptions to master's report.

*Edwin H. Brown,* (*Arthur Murphy,* of counsel,) for plaintiffs.

*N. H. Clement,* for defendant.

BENEDICT, J. This case comes before the court upon the master's report of the plaintiffs' damages and the defendant's profits arising out of an infringement by the defendant of the plaintiffs' patent for a design for newel posts. The first exception is well taken. The proof is that defendant sold 101 newel posts of the design covered by the plaintiffs' patent, instead of 119 as reported by the master. The second exception is not well taken. The proof is that 101 newels made and sold by the defendant embodied the design secured to the plaintiffs by their patent. The third exception is not well taken. The proof shows that the defendant made 101 newel posts similar to the plaintiffs' newel posts. The cost of making these posts is shown by a stipulation made between the parties to be $5 each. The testimony shows that 10 per cent. is the fair manufacturer's profit on the construction of such an article. The defendant sold the newels so made by him for $7 each. His profit, therefore, for the use of the plaintiffs' design is $151.50. It is contended by the defendant that the proofs show that at the time he was selling newels of the plaintiffs' design he was also selling newels of other designs, not patented, from which sales he realized as much as he did from the sales of the plaintiffs' newels, and therefore it is said no profit accrued to the defendant from the use of the plaintiffs' design. But the remainder of the price realized from the sale of newels of the plaintiffs' design, after deducting the cost of making the newels, and a fair profit for their manufacture, must be presumed to represent the profit realized by the defendant from his adoption of the plaintiffs' design, in the con-

[1] Reported by R. D. and Wyllys Benedict, of the New York bar.

struction of the newels sold by him. And this presumption is not dispelled by proving that the defendant realized the same profit from adopting, in the manufacture of the newels sold by him, a different and unpatented design. The fact that a certain profit is realized from the adoption, of the design of A does not show that no profit is realized from the adoption of the design of B. The fourth exception raises the question whether the plaintiffs can, by virtue of section 4919, Rev. St., recover damages resulting from the defendant's infringement of their patent in addition to the profits realized by the defendant. Doubts appear to have existed in regard to the meaning of the provision in section 4919, but I understand the supreme court in *Birdsall* v. *Coolidge*, 93 U. S. 64, to hold the effect of the statute to be this: that when it appears, in a case in equity, that the defendant's profits, derived from the use of the plaintiff's invention, do not amount to so much as the plaintiff's damages arising from the infringement, the court may add to the amount of the defendant's profits a sum sufficient to make the amount awarded by the decree equal to the plaintiff's damages. So the decision referred to is understood in *Child* v. *Boston & Fair Haven Iron Works*, 19 FED. REP. 258.

Under this construction of the statute the plaintiffs, upon the proofs in this case, may have added to the defendants' profits the sum of $151.50, making the recovery $303, which is the amount of the plaintiffs' damages as shown by the proofs.